Allam v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-311-CR

HUSSAM ALLAM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Hussam Allam appeals his conviction for the assault of his wife, Hale Amin.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

In his sole point, appellant contends that the trial court erred in permitting an expert witness to testify that she found the victim to be credible.  
See
 
Tex. R. Evid.
 702; 
see also Yount v. State
, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993).

The State asked Pam Dickinson-Norris, a victim’s advocate for the Carrollton Police Department, the following question, to which appellant objected: 

[Prosecutor:]  Given your experience in social services and your background and education [in] counseling, did you gain an impression on that day, February 23
rd
, from Ms. Amin that she was making up the assault?

[Appellant’s counsel]:  Judge, I – I’m going to object to that.  It’s invading the province of the jury.  It’s asking this witness to speculate and offer an opinion on the ultimate issues for the triers of fact in this case.

The court overruled the objection.  The prosecutor continued:

[Prosecutor:]  Were you under the impression she was making it up?

[Dickinson-Norris:]  I found her credible.  

Additionally, the record shows that the following testimony occurred without objection:

[Prosecutor:]  And that was going to be my next question.  In your job and what you do, are you called upon to assess the credibility of the victim who’s telling you what happened to them?

[Dickinson-Norris:]  Yes.

[Prosecutor:]  What is the importance of them being able to relay to you in a credible manner, your next step in your job?

[Dickinson-Norris:]  Ethically, I can’t help them get funding through the Attorney General’s office, I can’t help them get assistance from other agencies if I can’t believe them.  I would be perpetrating a fraud.

[Prosecutor:]  Okay.  So in your opinion, on February 23
rd
, 2003 – well, let me ask you this:  Based on your – your visit with her and your investigation, what did you do on her case?

[Dickinson-Norris:]  In her case, I found a shelter location.  In her case, I filed for crime victim’s compensation for her.  I found counseling services for her.  I’ve done follow-up for her.  I could not have ethically done that if I had reason to think she was lying.

To preserve error, a party must continue to object each time the objectionable evidence is offered.  
Fuentes v. State
, 991 S.W.2d 267, 273 (Tex. Crim. App.), 
cert. denied,
 528 U.S. 1026 (1999); 
Ethington v. State,
 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court’s erroneous admission of evidence will not require reversal when other such evidence  was received without objection, either before or after the complained-of ruling. 
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); 
Johnson
 
v. State
, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991), 
overruled on other grounds by Heitman v. State
, 815 S.W.2d 681 (Tex. Crim. App. 1991).

Because appellant did not object each time Dickinson-Norris’s opinion about the victim’s credibility was offered, his complaint about the trial court’s admission of her testimony is waived.  
See Fuentes
, 991 S.W.2d at 273; 
Ethington,
 819 S.W.2d at 858-59. 

The trial court’s judgment is affirmed.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 6, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.